## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARY TROTTER o/b/o G. TROTTER,    :

    Plaintiff,    :

v.    :    CA 11-00369-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,    :

    Defendant.    :

### MEMORANDUM OPINION AND ORDER

The plaintiff brings this action as the legal guardian of a minor child, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying the minor child's application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 25 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 14), the plaintiff's brief (Doc. 15), the Commissioner's brief (Doc. 23), and the arguments made by the parties at the March 14, 2012 Hearing, it is determined that the Commissioner's decision denying plaintiff benefits should be **reversed and remanded for further proceedings not inconsistent with this decision**.[1]

---

[1]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 25 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for

## Relevant Background

On December 12, 2007, the plaintiff protectively filed, on behalf of her minor dependent, an application for SSI (R. 106-112), which was initially denied on May 30, 2008 (*see* R. 17, 80-83).   The plaintiff filed a timely request for hearing (R. 84), and a hearing was conducted before an Administrative Law Judge on October 1, 2009 (*see* R. 17, 35-76).   During the hearing, at which the plaintiff was not represented,[2] the ALJ ordered the claimant to undergo post-hearing consultative examinations, which occurred on November 4, 2009, with Dixie Kidd, D.O., a family physician (see R. 263-266), and on November 11, 2009, with Jay Carney, Ph.D., a psychologist (see R. 259-262).   On January 5, 2010, the ALJ issued a decision finding that the claimant was not disabled (R. 17-30), and the plaintiff sought review from the Appeals Council (*see* R. 11).   The Appeals Council refused to overturn the ALJ's determination on May 18, 2011 (*see* R. 1-5)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on November 21, 2011 (*see* Doc. 1).

## Standard of Review

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005

---

this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

[2]   The plaintiff appointed her current counsel to serve as the claimant's representative on February 22, 2010.   (*See* R. 34.)

(11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.   *Id.*   Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).   Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence.   Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."   *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence."   *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).   And, "[e]ven if the

evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

## Discussion

On appeal to this Court, the plaintiff asserts only one claim—the ALJ committed reversible error by failing to proffer post-hearing evidence when the claimant was not represented at the hearing.

The requirement that such a proffer be made is contained in the Administration's own Hearings, Appeals and Litigation Law Manual (or the "HALLEX"). *See id.*, § I-2-7-30 (Proffer Procedures), *available at* http://www.ssa.gov/OP_Home/hallex/ (last visited Mar. 15, 2011).   Under the procedures outlined in the HALLEX, where—as was the case here—a claimant is not represented, an ALJ "must proffer all posthearing evidence unless: [t]he evidence was submitted by the claimant . . .[; t]he claimant has knowingly waived his or her right to examine the evidence . . . [; or t]he ALJ proposes to issue a fully favorable decision." *Id.*  Further, the letter from the ALJ sent with the proffered evidence must:

> Give the claimant a time limit to object to, comment on or refute the evidence, submit a written statement as to the facts and law that the claimant believes apply to the case in light of the evidence submitted, submit written questions to be sent to the author(s) of the proffered evidence or exercise his or her rights with respect to requesting a supplemental hearing and the opportunity to cross-examine the author(s) of any posthearing report(s) if it is determined by the ALJ that such questioning is needed to inquire fully into the issues.

> Advise the claimant that he/she may request a subpoena to require the attendance of witnesses or the submission of records and the procedures for the requesting and issuance of a subpoena.

*Id.*

Should a claimant respond to that letter and proffered evidence, the HALLEX provides that:

> The ALJ must address proffer comments in the rationale of the written decision.  The ALJ must make a formal ruling in the decision or by separate order on any objections to proffered evidence, and make the ruling a part of the record.  If the record must be kept open for the submission of additional evidence, the ALJ should set a time limit for the submission of the evidence.   The ALJ should provide the claimant a copy of his/her ruling on any objection if the ruling is handled by separate order.

> If the claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision.

> If the claimant requests an opportunity to question the author(s) of any posthearing report other than the written response of an ME or VE to interrogatories, the ALJ must determine if questioning of the author is required to inquire fully into the matters at issue and, if so, whether the questioning should be conducted through live testimony or written interrogatories (considering the difficulty of anticipating in written interrogatories all the questions that might arise and the claimant's opportunity for a supplemental hearing).

> If the claimant asks to question an ME or VE who has responded to interrogatories, the ALJ should apply the provisions of [the appropriate section of the HALLEX].

> If the ALJ requests the author to appear for questioning, and the author declines to appear voluntarily, the ALJ should apply the provisions of [the HALLEX regarding the use of subpoenas] to determine if the claimant should be afforded use of the subpoena and consequent cross-examination.

*Id.*

This Court has had several opportunities—most recently in *Tarver v. Astrue*, No. CA 10-0247-C, 2011 WL 206217 (S.D. Ala. Jan. 21, 2011)—to address what rights, if any, the HALLEX provides a Social Security claimant.   In *Tarver*, the Court examined how district courts in this Circuit, as well as other federal courts, have dealt with this question, and concluded that

> [t]here is uncertainty—based on a split among the Courts of Appeals,   as well as between the District Courts in the Eleventh Circuit —as to whether or not that HALLEX creates judicially-enforceable rights.   What is certain, however, is that—if it does—remand is mandated only when the **ALJ violates the procedures** in the HALLEX, *see George v. Astrue*, 338 Fed. App'x 803, 805 (11th Cir. 2009) ("[E]ven if we assume that [the] HALLEX carries the force of law—a very big assumption—the ALJ did not violate it."), **and if so, that violation prejudices the claimant**.   *See Maiben v. Astrue*, No. CA 09-0408-C, 2010 WL 761334, at *5 & n.5 (S.D. Ala. Mar. 4, 2010) (ALJ's "undisputed" failure to comply with HALLEX is not grounds for remand if plaintiff not prejudiced).

*Id.* at *3 (emphasis added and footnotes omitted); *see also Warren v. Astrue*, ___ F. Supp. 2d ____, 2011 WL 6368581, at *1 (S.D. Fla. Dec. 12, 2011) ("While the Eleventh Circuit has not specifically addressed whether the HALLEX creates judicially-enforceable rights, '[w]hat is certain, however, is that—if it does—remand is mandated only when the ALJ violates procedures in the HALLEX.'") (quoting *Tarver*, 2011 WL 206217, at *3).

Putting aside whether the HALLEX creates judicially-enforceable rights, "[i]t is well established that [t]he use of [ ] adverse post-hearing [evidence] without an opportunity to cross-examine its author and to present rebuttal evidence has been held to violate a claimant's right to due process of law."   *Oyen v. Shalala*, 865 F. Supp. 497,

6

509 (N.D. Ill. 1994) (internal citation omitted); *cf. Tagle v. Astrue*, 279 Fed. App'x 827, 829 (11th Cir. 2008) (per curiam) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). It is, moreover, well established in this Circuit and elsewhere "that it violates a claimant's right to procedural due process for the [Commissioner] to deny a claimant Social Security benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports." *Demenech v. Secretary of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (citing *Hudson v. Heckler*, 755 F.2d 781, 784 (11th Cir. 1985); *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981)).

The November 20, 2009 Proffer Letter from the ALJ to the plaintiff (Doc. 23-1) offers the plaintiff these opportunities, but importantly, this Court cannot say that the plaintiff ever received this letter and the proffered post-hearing evidence prior to the ALJ's decision to deny benefits. The Commissioner's brief provides that "[c]ontrary to Plaintiff's unsupported argument, the ALJ in this case did, in fact, send a proffer letter to Plaintiff on November 20, 2009 that contained the consultative examination reports of Dr. Kidd and Dr. Carney in accordance with HALLEX, § I-2-7-30" (Doc. 23 at 6), citing a copy of the letter and the declaration of Patrick J. Herbst, the Administration's Chief of the Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, both attached as exhibits to the brief (Docs. 23-1 & 23-2). But contrary to this assertion—that the ALJ "did, in fact, **send** a

7

proffer letter to Plaintiff"—neither the letter nor Mr. Herbst's declaration provide any evidence of that.   (*See, e.g.*, Doc. 23-2, ¶ 5 (counsel for the Commissioner "contacted my office and requested that we examine the electronic disability file of the claimant . . . to determine whether it **contained a copy** of a proffer letter **written by** [the ALJ] and **addressed to** [the plaintiff]"); ¶ 6 ("my office **located** the aforementioned proffer letter . . . , which was **dated** November 20, 2009"); ¶ 7 ("The November 20, 2009 proffer letter attached to this declaration is a true and accurate copy of the proffer letter that was **contained within** the electronic disability **file** of the claimant[.]") (emphasis added).) Simply because a proffer letter was found in the claimant's file—a proffer letter that is not (while the proffered post-hearing evidence is) part of the administrative record filed in this Court—does not mean that such a proffer letter **was sent** to the plaintiff.   (*See* Mar. 13, 2012 Aff. of Mary Trotter, presented to the Court during Mar. 14, 2012 Hearing, ¶ 9 ("I never received a copy of the examinations."); ¶ 10 ("I never received a copy of any correspondence from Social Security until I received the Unfavorable Decision dated January 10, 2010.").)   And it is telling that, when given the opportunity to present this Court with **evidence** that the proffer letter and post-hearing evidence was sent to the plaintiff, the Commissioner falls short.[3]   (*See generally* Doc. 23-2.)

---

[3]         By saying this, the Court in no way implies that the November 20, 2009 Letter is not what it purports to be.  There is simply no evidence that such a letter was sent to the plaintiff.     There is evidence, however, that she did not receive it.     And given—as demonstrated throughout the administrative record filed in this Court—the responsibility the plaintiff exhibited, as the claimant's guardian, to ensure that he received any benefits he was entitled to, the Court has no reason not to believe the plaintiff's sworn statement that she never received the proffer letter and post-hearing evidence.

Further—importantly—while the ALJ chose to give "little weight to the opinion of Dr. Kidd" (R. 24), he did rely extensively on Dr. Carney's opinion (*see* R. 23-28) and noted, initially, that while he recognized "that the claimant has numerous severe impairments that have set him back developmentally and that cause him to have poor behavior[,] the recent evidence from Dr. Maertens **and the consultative exam results from Dr. Carney** demonstrate the claimant is catching up and that he does well from a behavior standpoint when he is properly medicated" (R. 24) (emphasis added).   Thus, "[t]his is not a case where, for example, the post-hearing evidence is cumulative or not determinative of the ALJ's decision."   *Ibarra v. Astrue*, No. 08-22440-CIV, 2011 WL 900372, at *3 (S.D. Fla. Feb. 23, 2011) (citing *James v. Barnhart*, 177 Fed. App'x 875, 877 (11th Cir. 2006) (per curiam) (finding no due process violation where the post-hearing report was not substantially relied upon by the ALJ and was consistent with three other reports); *Adzima v. Commissioner of Soc. Sec.*, No. 6:09-cv-1734-Orl-DAB, 2010 WL 5174495, at *3 & n.3 (M.D. Fla. Dec. 15, 2010) (finding that despite the general rule, due process rights are not violated when the new evidence obtained by the ALJ is merely cumulative)); *cf. Demenech*, 913 F.2d at 884 ("The Secretary contends that any reliance upon Dr. Goldberg's report was inconsequential because there was sufficient evidence, exclusive of his report, to support the conclusion that Demenech had experienced a medical improvement related to his ability to work.   The Secretary's own arguments, however, belie this contention. While arguing in his brief that substantial evidence exists to support the ALJ's decision to terminate benefits, the Secretary refers to Dr.

9

Goldberg's report no fewer than eleven times.   We therefore conclude that Dr. Goldberg's report was crucial to the ALJ's determination and that the ALJ should have allowed Demenech to depose and cross-examine Dr. Goldberg before rendering a decision.").

## Conclusion

Accordingly, because the ALJ relied extensively on at least one post-hearing examination that was not—according to the weight of evidence before this Court—proffered to and/or received by the plaintiff in violation of the HALLEX and, moreover, the plaintiff's right to procedural due process, the Court finds that the plaintiff has been prejudiced by not being afforded the opportunity to rebut the post-hearing medical reports.   *See Donnersbach v. Astrue*, Cause No. 1:10–CV–00135, 2011 WL 294519, at *5 (N.D. Ind. Jan. 25, 2011) (pursuant to 42 U.S.C. § 405(b)(1), "when a hearing is held, the disability determination must be made 'on the basis of evidence adduced at the hearing[,]'" and "'[p]ost-hearing evidence is therefore afforded special treatment to ensure that the claimant is given the opportunity to respond, rebut, and request cross-examination'") (quoting *Gardner v. Barnhart*, No. 02 C 4578, 2004 WL 1470244, at *18 (N.D. Ill. June 29, 2004)).

It is therefore **ORDERED** that the decision of the Commissioner of Social Security denying the claimant benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four

of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

      **DONE** this the 19th day of March, 2012.

                                              s/WILLIAM E. CASSADY
                                              **UNITED STATES MAGISTRATE JUDGE**